[Civ. No. 7574. First Appellate District, Division Two.—September 25, 1931.]

GOLDEN STATE MILK PRODUCTS COMPANY (a Corporation), Appellant, v. THE SOUTHERN SIERRAS POWER COMPANY (a Corporation), Respondent.

122

Gavin McNab, Schmulowitz, Wyman, Aikens & Brune, Oliver B. Wyman and Frederick T. Hyde for Appellant.

Henry W. Coil, Newman Jones, H. M. Hammack and D. L. King for Respondent.

STURTEVANT, J.—Claiming that the defendant had made and had collected excessive charges for its service the plaintiff sued the defendant for the amount of the overcharge. Judgment went for the defendant and the plaintiff has appealed bringing up typewritten transcripts.

Formerly the plaintiff was served by the Holton Power Co. The charges of that company were fixed by schedule "P–2". In January, 1924, that company sold its business to the defendant. Prior to the transfer the defendant had been serving some adjacent territory and its charges were fixed by schedule "P–22". When the Railroad Commission authorized the defendant to purchase the properties of the Holton Power Co. that permission rested on the assurance that the "consolidation will not result in any change of management or rates". In effecting the consolidation the defendant filed with the Railroad Commission "P–22" which

by its terms purported to fix the charges to be collected from the plaintiff. Thereafter it was discovered that "P–22" was not a duplicate of the rate stated in "P–2" because condition "C" as written in the former document was not the same as in the latter. If the provisions of "P–22" were followed the result would be that the charges made against the plaintiff would be less than the charges the plaintiff had been paying under "P–2". When these matters were called to the attention of the Railroad Commission that body authorized the defendant to file a schedule designated "P–31" which purported to supplant schedule "P–22". The new schedule "P–31" fixed the same charges that were fixed by "P–2". However, "P–31" purported to authorize the charges which were made and which were in excess of those authorized by "P–22" and it is such alleged overcharges that are involved in this action. At this time the plaintiff contends that it is supported in its position by the clear provisions of the Public Utilities Act (2 Deering's General Laws, 1923, p. 2683, Act 6386). It cites and relies on section 63a. Both parties concede that schedule "P–22" was effective from the date it was filed until August 26, 1924. On that date the defendant filed schedule "P–31". By its terms it purports to authorize higher charges. Before the defendant filed that schedule the Railroad Commission did not make a finding that such increase was justified. For that reason the plaintiff claims schedule "P–31" is not effective and it cites section 63a of the Public Utilities Act. That section provides as follows: "Increase in rate only after showing (a) No public utility shall raise any rate, fare, toll, rental or charge or so alter any classification, contract, practice, rule or regulation as to result in an increase in any rate, fare, toll, rental or charge, under any circumstances whatsoever, except upon a showing before the commission and a finding by the commission that such increase is justified." The defendant makes two separate answers. It claims that even though schedule "P–31" was not effective the record does not justify the plaintiff in claiming that "P–22" then became the effective schedule. The second answer is that schedule "P–31" was legally filed and became operative from the date it was filed. The second answer we think is sound and we will not have occasion to discuss the first one.

As recited above the defendant's permit to purchase the Holton Power Co. (Order No. 12947) was issued on the condition that the purchase "will not result in any change of management or rates". Moreover the rates of the Holton Power Co. were fixed by "P-2" and those same rates are contained in "P-31". True it is that "P-22" fixed lower charges and true it is that the defendant filed it. But it is equally true that it was a mistake of the defendant in filing it and it was a mistake on the part of the Railroad Commission in allowing it to be filed for it was the fixed intention of all parties concerned that there should be no change in rates. When that mistake was discovered, power existed to correct it. That power is not to be found in section 63 (a). That portion of the statute deals with the powers of a *utility to raise its rates.* As we have just shown no such act was attempted or is involved in this case. The power of the Railroad Commission to correct the mistake finds support in section 15 of the statute. The latter portion is as follows: "The commission, for good cause shown, may allow changes without requiring the thirty days' notice herein provided for, by an order specifying the changes so to be made and the time when they shall take effect, and the manner in which they shall be filed and published. When any change is proposed in any rate, fare, toll, rental, charge or classification, or in any form of contract or agreement or in any rule, regulation or contract relating to or affecting any rate, fare, toll, rental, charge, classification or service, or in any privilege or facility, attention shall be directed to such change on the schedule filed with the commission, by some character to be designated by the commission, immediately preceding or following the item." The provisions of that part of the statute were apparently followed in every respect, and no defect in compliance is called to our attention.

Furthermore all of the facts appeared on the records and files of the Railroad Commission. Those records and files showed that a mistake had been made and the full scope of that mistake. In the absence of express statutory authority, municipal boards, charged with the duty of keeping records have the power and it is their duty to amend their records so they will speak the truth. (43 C. J. 517.) When schedule "P-31" was filed and schedule "P-22" was refiled the object, sought to be accomplished by the purchase by

this defendant of the properties of the Holton Co. was made fully effective and the error committed by filing on January 1, 1924, schedule "P-22" was cured. All of these matters are set forth with meticulous care in the findings and those findings are supported by the evidence.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.